IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-95-CR-0163-G(01) |
| | § | NO. 3-06-CV-0154-G |
| BRENDA LOUISE MORRISON | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Brenda Louise Morrison, by and through her attorney of record, has filed a motion for the voluntary dismissal of this section 2255 proceeding without prejudice. The government does not oppose the motion.

Fed. R. Civ. P. 41(a)(1) provides, in pertinent part:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

FED. R. CIV. P. 41(a)(1). Otherwise, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). Because the government has filed a preliminary response in opposition to defendant's section 2255 motion, dismissal is not proper under Rule 41(a)(1) without a stipulation of dismissal signed by all parties. No such stipulation has been filed. Nevertheless, the certificate of conference indicates that the government does not oppose a dismissal without prejudice. The court therefore should treat defendant's motion as one for dismissal under Rule 41(a)(2) and grant the relief requested.

## **RECOMMENDATION**

Defendant's motion for voluntary dismissal [Doc. #77] should be granted. This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE